### John W. Leighton vs. George W. Meserve.

Suffolk.  Nov. 13, 1874. — Jan. 13, 1875.  Wells & Devens, JJ., absent.

At the time of a conveyance by the defendant to the plaintiff of one of eleven houses then building, the parties entered into a contract, by which the plaintiff in payment for the house, over and above a mortgage to which it was subject, was to furnish marble work for all the houses to a certain value, and the defendant was to have the house sold to the plaintiff completed by a day named, otherwise to forfeit and pay to the plaintiff the sum of $10 for each day it thereafter remained unfinished.  At the same time the plaintiff gave the defendant a mortgage of the house conveyed to him to secure the furnishing of the marble work for five of the houses.  The contract provided that this mortgage should be discharged upon the faithful performance of the plaintiff's undertaking, and that if the defendant finished the plaintiff's house by the day named, the plaintiff should give a bond for a portion of the price agreed on for the house to secure the payment of such part of the purchase money as remained unpaid by the plaintiff's work or by the forfeit money, if any, from the defendant.  The parties acted under this agreement until a month after the day named for the completion of the house, when the mortgage was discharged, and the plaintiff gave a bond of the tenor agreed upon.  At about the same time the defendant paid a certain sum towards the first mortgage on the house, and the plaintiff gave another mortgage on the house to a third party.  These facts were found by a referee, whose findings it was agreed should be conclusive as to all the facts, but whose rulings on the law should be open to revision.  *Held*, that upon these facts a finding by the referee that the plaintiff waived his right to recover $10 a day from the date named in the contract was conclusive.

CONTRACT to recover the liquidated damages named in a building contract for breach of its stipulations.  The case was sent to a referee to find the facts, state the accounts, and report his rulings upon the law.  The referee found for the plaintiff; the award was accepted, and judgment ordered thereon, in the Superior Court, and the plaintiff, aggrieved at the amount awarded, appealed to this court.  The facts of the case, so far as material, appear in the opinion of the court.

*F. Goodwin*, for the plaintiff.

*B. E. Perry*, for the defendant.

MORTON, J.  The plaintiff's declaration contains two counts, but as no question is now raised as to the finding of the referee upon the second count, it is not necessary further to refer to it. The only question argued to us is, as to the correctness of the finding of the referee that the plaintiff could not maintain his first count because he had waived the right to insist upon the

penalty of ten dollars a day after July 1, 1869, which the defendant agreed to pay if the house sold by him to the plaintiff was not completed by that date. The plaintiff claims that as matter of law, upon the facts found by the referee, he is entitled to judgment for the amount of ten dollars a day from July 1, 1869, to the date of his writ, as liquidated damages.

To understand this question, it is necessary to refer to the contract between the parties, and the facts proved. On April 14, 1869, the defendant was engaged in the erection of a block of eleven houses in Boston ; on that day he conveyed to the plaintiff one of said houses, at an agreed price of $6000, over and above a mortgage which was upon it, and the parties then entered into the contract upon which this suit is brought. By it the plaintiff agreed, in payment for the house conveyed to him, to furnish marble work for the eleven houses to the amount of $6000, according to certain specifications or schedule referred to ; and the defendant agreed that, as the house conveyed by him, as above stated, was unfinished, he would finish it on or before July 1, 1869, and if not so finished that he would " forfeit and pay to said Leighton, or credit him towards the balance of the purchase money of said house, instead of marble work to be furnished by him under this schedule made part of this agreement, the sum of ten dollars per day for each day said house thereafter remains unfinished." On the day of the date of the contract, and as a part of the same transaction, Leighton gave to Meserve a mortgage of the house conveyed to him as above stated, to secure the furnishing of the marble work for five of the said eleven houses, in accordance with the conditions of the contract. The contract contained the provision, that said mortgage was to be discharged upon the faithful performance by the said Leighton of his undertaking to furnish marble work, as aforesaid, for said five houses, provided, however, that if the said Meserve shall have fully completed, on or before July 1, 1869, the house conveyed by him to said Leighton, then the said Leighton shall, before the discharge of said mortgage, give a satisfactory bond in the sum of $3000, " conditioned to secure the furnishing by said Leighton in accordance with his contract or schedule of marble work in full of said sum of $6000, so far as the same may remain unpaid, by marble work furnished for the aforesaid five houses of said block of eleven,

and by such forfeit money, if any, as may accrue from said Meserve."

Under this contract the parties went on until August 5, 1869, Leighton furnishing marble work for the five houses, and Meserve working in the completion of the house sold by him; but at that time the marble work for the five houses was not entirely furnished by Leighton, nor was the house fully completed by Meserve. At that date the parties entered into an arrangement by which the mortgage was discharged, and Leighton gave the bond, of which a copy is annexed to the referee's report. The referee finds that "this bond was given in pursuance of the contract as a security therein provided for." On or about the same day, the defendant paid $500 towards the first mortgage on the house, and the plaintiff gave another mortgage for $3500 to another party not the defendant. It is not an unreasonable inference from these facts, that the understanding was that the plaintiff did not insist upon the provision for the forfeiture of ten dollars a day, but, in making the arrangement of the 5th of August, waived it. But whether such was the intention and understanding of the parties was a question of fact, and the referee having found that there was such waiver, the plaintiff is bound by the finding, and has no right of exception. The plaintiff argues that the referee ruled, as matter of law, that the facts showed a waiver. We do not so understand the report.

The last clause, added at the request of the plaintiff, — " If it be the opinion of the court that, as matter of law, the plaintiff is entitled, upon the foregoing facts, to recover the penalty of $10 a day as liquidated damages, then the defendant owes the plaintiff $4675," — clearly shows that the referee understood that his finding was to be conclusive, unless the court should be of opinion that, as matter of law, upon the facts reported, the plaintiff was entitled to recover the $10 a day as liquidated damages.

No objection is now made to the finding of the referee upon the second count. The ruling of the Superior Court, accepting the award and ordering judgment thereon, was therefore correct.

*Judgment affirmed.*